**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IMRAN SHAH, | ) | |
| Plaintiff, | ) | |
| | ) | JURY DEMANDED |
| | ) | |
| v. | ) | Case No.: |
| | ) | Judge: |
| | ) | Magistrate Judge: |
| PREMIERE MUSIC AND FILM | ) | |
| SYSTEMS, INC. | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff, Imran Shah ("Shah") by his undersigned attorney, and for his complaint against

Defendant, Premiere Music and Film Systems, Inc. ("Premiere"), states as follows:

## NATURE OF THE CASE

1. The causes of action for Plaintiff arise under the Fair Labor Standards Act ("FLSA") 29

    U.S.C. § 201 *et seq.,* the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1, *et seq.*

    the Illinois Wage Payment and Collection Act ("IWPCA") 820 ILCS 115/ *et seq.*, the

    Illinois Whistleblower Act ("IWA") 740 ILCS 174/1 and Illinois common law.

## JURISDICTION AND VENUE

2. This court has jurisdiction over this matter pursuant to 29 U.S.C. § 201 *et seq*, 28 U.S.C. §

    1331, and 28 U.S.C. § 1367.

3. Venue in the Northern District of Illinois, Eastern Division, is proper. The claim for relief

    arose in this state.

## PARTIES

4. Plaintiff Imran Shah is male and a resident of the State of Illinois.

5. Defendant, Premiere, is duly registered to conduct business in the State of Illinois.

6. At all times relevant herein, Premiere was an employer engaged in interstate commerce, such as to make it subject to the FLSA.

7. That during all times relevant herein, Plaintiff was employed by Premiere as an "employee" as defined by the FLSA, IMWL and the IWPCA.

8. Plaintiff was not an apprentice or trainee.

9. Plaintiff was not an independent contractor.

10. That during all times relevant herein, Premiere was Plaintiff's "employer" as defined by the FLSA, IMWL and the IWPCA.

11. Defendant is an employer as defined in the Illinois Workers Compensation Act ("IWCA") at 820 ILCS § 305/1(a).

12. Plaintiff's employment with Premiere was within the scope of the IWCA at 820 ILCS § 305/1(b).

**COUNT I**
**COMPLAINT OF IMRAN SHAH OF RETALIATION**
**DIRECTED AT PREMIERE FOR OPPOSING VIOLATIONS OF THE FAIR LABOR**
**STANDARDS ACT, THE ILLINOIS WAGE PAYMENT AND COLLECTION ACT,**
**AND THE ILLINOIS MINIMUM WAGE LAW**

13. Plaintiff incorporates preceding paragraphs by reference here.

14. That during Shah's employment with Premiere, Shah performed up to and exceeded Premiere's legitimate expectations.

15. That Shah was employed by Premiere from July 2005 through March 7, 2014.

16. That from December 2013 through March 7, 2014, Shah was employed by Premiere as a Senior System Programmer.

17. As Senior System Programmer Shah was required to program and install home theater, audio, and home automation systems.

18. That in or around December 2013, Premiere announced that it was updating its pay policies and introducing an HR policy update that was to be effective January 1, 2014.

19. These new policies resulted in employees performing valuable work for Premiere "off the clock."

20. Premiere's updated pay policies prohibited hourly field personnel from clocking-in until they reached the client site and demanded clocking out upon leaving the client site, despite having the hourly field personnel start and end their day at Premiere's offices in order to transport equipment, discuss work issues with supervisors and managers, and complete reports.

21. This resulted in hourly field personnel not being compensated for all the time they spent working performing valuable services for Premier, including overtime hours.

22. The hourly field personnel are hourly non-exempt employees within the meaning of the FLSA and IMWL.

23. On multiple occasions in or around late December 2013 through February 2014, Shah spoke with Ken Johnson, Chief Executive Officer, and Russell Radke, Chief Operating Officer, regarding the Companies new wage payment policies, complaining that Premiere's refusal to pay hourly field personnel for the time they spend working preparing reports and transporting items to and from job sites resulted in employees not being compensated for overtime and time worked, in violation of the law.

24. During these conversations, Shah advised Mr. Johnson and Mr. Radke that they should seek legal counsel to review the new wage payment policies and that Premiere's policies violated the law.

25. Shah had a good faith belief that he was opposing pay policies that violated the FLSA, IMWL, and IWPCA.

26. That on February 26, 2013, Shah sent Ken Johnson an e-mail complaining of Premiere's unlawful pay policies.

27. In this e-mail, Shah again complained that the hourly employees who worked under him were being required to clock-out of work while working and to work off the clock.

28. That on March 7, 2014, shortly after Shah sent his written complaint opposing Premier's wage law violations, Premier terminated Shah's employment.

29. That similarly situated employees who did not complain of wage payment violations were not terminated.

30. That Premiere terminated Shah because he complained about its unlawful pay policies that required non-exempt employees to work off the clock resulting in non-payment of wages, including overtime wages.

31. That Premiere's conduct placed Shah in a position which was materially worse for complaining about Defendant's failure to pay employees wages, including overtime wages.

32. That terminating an employee for complaining about violations of the IWPCA and IMWL violates the public policy of the State of Illinois.

33. That Defendant's treatment of Shah was motivated by evil motive and intent, and was recklessly and callously indifferent to Plaintiff's state and federally protected rights.

34. That as a direct and proximate result of said unlawful employment practices and disregard for Plaintiff's rights and sensibilities, Plaintiff has lost substantial income, including, but not limited to, wages and other employment benefits.

35. That as a further direct and proximate result of said unlawful employment practices; Shah has suffered great humiliation which is manifest in physical illnesses and emotional stress on the relationships between Plaintiff and his friends, family, and colleagues.

36. That as a further direct and proximate result of said unlawful employment practices, Shah has suffered depression, extreme mental anguish, outrage, severe anxiety about his future and his ability to support himself and his family, harm to his employability and earning capacity, shameful embarrassment among his friends, colleagues, and co-workers, damage to his reputation, disruption of his personal life, and loss of enjoyment of the ordinary pleasures of life.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court provide the following equitable and legal remedies for relief:

a) Advance this case on the docket, order a speedy hearing at the earliest practicable date and cause this case to be expedited in every possible way;

b) Order a permanent injunction prohibiting Defendant from further acts of retaliation, including but not limited to defamation and tortious interference;

c) Award Plaintiff costs of litigation, including reasonable attorneys' fees and expert fees and expenses;

d) Award Plaintiff a judgment against Defendant for back pay, front pay, liquidated damages, and other compensatory damages;

e) Award Plaintiff prejudgment interest;

f) Grant judgment against Defendant for punitive damages for willful and wanton conduct;

g)     Award Plaintiff all remedies and relief available under the FLSA, IMWL, and IWPCA, including all available civil and criminal penalties; and

h)     Grant such other and further relief as this Court deems just and proper.

## COUNT II
## COMPLAINT OF RETALIATORY DISCHARGE FOR SEEKING RELIEF UNDER THE ILLINOIS WORKERS' COMPENSATION ACT

37. That Plaintiff incorporates the preceding paragraphs by reference herein.

38. That Shah performed all the terms, conditions, and requirements of his position in a satisfactory manner.

39. On or about September 6, 2012, Shah sustained an injury arising out of and in the course of his employment with Premiere when he was involved in an automobile accident driving from one job site to another job site.

40. At the time of the accident, Shah informed Erik Rosengern, Install Coordinator, of the accident and informed Russell Radke of his injury.

41. On or about March 3, 2014, Shah filed a Workers' Compensation Claim with the Illinois Workers' Compensation Commission and sent notice of same to Premiere, expressing his intention to seek workers' compensation benefits for the aforementioned injury.

42. On or about March 7, 2014, despite his satisfactory performance, Shah was terminated from his employment.

43. That similarly situated employees who did not file workers' compensation claims were not terminated.

44. Premiere's intent in discharging Plaintiff was to retaliate for Shah's exercise of rights under the Illinois Workers' Compensation Act, as Shah was entitled to do.

45. The discharge was in violation of the public policy of Illinois. The IWCA recognizes this type of retaliation as a criminal offense. 820 ILCS 305/4(h).

46. That as a direct and proximate result of said unlawful employment practices and disregard for Plaintiff's rights and sensibilities, Plaintiff has lost substantial income, including, but not limited to, wages and other employment benefits.

47. That as a further direct and proximate result of said unlawful employment practices; Shah has suffered great humiliation which is manifest in physical illnesses and emotional stress on the relationships between Plaintiff and his friends, family, and colleagues.

48. That as a further direct and proximate result of said unlawful employment practices, Shah has suffered depression, extreme mental anguish, outrage, severe anxiety about his future and his ability to support himself and his family, harm to his employability and earning capacity, shameful embarrassment among his friends, colleagues, and co-workers, damage to his reputation, disruption of his personal life, and loss of enjoyment of the ordinary pleasures of life.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court provide the following equitable and legal remedies for relief:

a)    Advance this case on the docket, order a speedy hearing at the earliest practicable date and cause this case to be expedited in every possible way;

b)    Order a permanent injunction prohibiting Defendant from further acts of retaliation, including but not limited to defamation and tortious interference;

c)    Award Plaintiff costs of litigation, including reasonable attorneys' fees and expert fees and expenses;

d)      Award Plaintiff a judgment against Defendant for back pay, front pay and other compensatory damages;

e)      Award Plaintiff prejudgment interest;

f)      Grant judgment against Defendant for punitive damages for willful and wanton conduct; and

g)      Grant such other and further relief as this Court deems just and proper.

## COUNT III
## COMPLAINT OF RETALIATORY DISCHARGE IN VIOLATION OF THE ILLINOIS WHISTLE BLOWER ACT 740 ILCS 174/1 AND ILLINOIS PUBLIC POLICY

49. That Plaintiff incorporates the preceding paragraphs by reference herein.

50. In late December 2013, Shah was informed by Premiere that he would have to use his own car to transport company employees to and from work sites.

51. That Shah's car insurance policy did not permit the use of his vehicle for commercial purposes and transporting company employees, equipment, or himself from job site to job site would void his liability insurance on the vehicle.

52. That Illinois has forth as public policy, pursuant to the Illinois Vehicle Code, 625 ILCS 5/7-601(a), that anyone not covered by a proper liability insurance policy is prohibited from operating a motor vehicle in Illinois.

53. That by requesting that Shah operate his motor vehicle in such a way that invalidates the liability insurance policy on his personal vehicle, Defendant was requesting that Shah violate the law.

54. That from late December 2013 to February 26, 2014, Shah complained to Ken Johnson on multiple occasions about being required to use his own personal vehicle to transport employees to and from worksites and explained that it voided his insurance policy.

8

55. That on February 26, 2014, Shah sent an e-mail complaint to Ken Johnson complaining about how he was being required to use his personal vehicle to transport employees to and from job sites without proper insurance coverage.

56. That Shah was terminated from Defendant on March 7, 2014.

57. That similarly situated employees who did not refuse to violate a law or regulation were not terminated.

58. That Premiere terminated Shah because he refused to engage in unlawful activities and complained of Premiere's violations of Illinois public policy.

59. Premiere's retaliation against Shah adversely affected the terms and conditions of Shah's employment with Premiere.

60. As a direct and proximate result of said unlawful employment practices and disregard for Plaintiff's rights and sensibilities, Plaintiff has lost and will continue to lose income, including but not limited to wages, fringes, pension, seniority benefits, and other employment benefits.

61. As a further direct and proximate result of said employment practices, Plaintiff has suffered depression, extreme mental anguish, outrage, severe anxiety about his future and his ability to support himself and his family, harm to his employability and earning capacity, shamefulness and embarrassment among his friends, colleagues, and coworkers, damage to his reputation, disruption of his personal life, and loss of enjoyment of the ordinary pleasures of life.

WHEREFORE, Plaintiff Imran Shah respectfully requests this Honorable Court to provide the following equitable and legal remedies:

9

a)   Advance the case on the docket, order a speedy hearing at the earliest practicable date, and cause this case to be expedited in every possible way;

b)   Order a permanent injunction prohibiting Defendant from further acts of retaliation, including but not limited to defamation and tortious interference;;

c)   Award Plaintiff all costs of litigation, including reasonable attorneys' fees and expert fees and expenses;

d)   Award Plaintiff a judgment against Defendant for lost employment benefits, reinstatement, frontpay, backpay, and other compensatory damages;

e)   Award Plaintiff pre-judgment interest;

f)   Grant judgment against Defendant for punitive damages for willful and wanton conduct;

g)   Enter an order requiring Defendant to implement effective steps to eliminate retaliation from its workplaces; and

h)   Grant such other and further relief as this Honorable Court deems just and proper.

Respectfully Submitted,
Imran Shah,

By:     /s/ Jacob B. Shorr
        Jacob B. Shorr
        One of His Attorneys

Uche O. Asonye - 6209522
Jacob B. Shorr - 6300859
ASONYE & ASSOCIATES
100 North LaSalle Street, Suite 2115
Chicago, Illinois 60602
(312) 795-9110
uche@aa-law.com
jshorr@aa-law.com

**JURY DEMAND**

NOW COMES the Plaintiff, Imran Shah, by and through his attorney, and hereby demands a trial by jury in the above entitled cause of action.

Respectfully Submitted,
Imran Shah,


By:     /s/ Jacob B. Shorr
        Jacob B. Shorr
        One of His Attorneys

Uche O. Asonye - 6209522
Jacob B. Shorr - 6300859
ASONYE & ASSOCIATES
100 North LaSalle Street, Suite 2115
Chicago, Illinois 60602
(312) 795-9110
uche@aa-law.com
jshorr@aa-law.com